Filed 11/14/24  P. v. Reyes CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSE ALBERTO REYES,<br><br>        Defendant and Appellant. | B336589<br><br>(Los Angeles County<br>Super. Ct. No. PA047462) |

---

APPEAL from an order of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Reversed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————————

Defendant Jose Alberto Reyes is serving a prison sentence of 55 years to life for an attempted murder he committed when he was 17 years old. He filed a petition to recall his sentence and to be resentenced under Penal Code section 1170, subdivision (d).[1] The court determined that Reyes was not eligible for relief under that statute and denied the petition without considering its merits. We reverse.

## FACTUAL AND PROCEDURAL SUMMARY

In 2005, a jury convicted Reyes of premeditated attempted murder. (§§ 187, subd. (a), 664, subd. (a).) The jury also found true certain firearm and gang allegations. (§§ 186.22, subd. (b)(1)(A), 12022, subd. (a)(1), 12022.53, subds. (b)–(e)(1).) In a bifurcated proceeding, the court found that Reyes had a prior strike conviction. (§§ 667, subds. (b)–(i), 1170.12.) The court sentenced him to prison for 55 years to life. We affirmed the judgment in an unpublished opinion. (*People v. Reyes* (Apr. 2, 2007, B187941).)

On December 15, 2023, Reyes filed a petition to recall his sentence and be resentenced pursuant to section 1170, subdivision (d)(1) and *People v. Heard* (2002) 83 Cal.App.5th 608 (*Heard*).

In his petition, Reyes states that he was 17 years old when he committed his crime and that he has served at least 15 years of his 55 years to life sentence. Reyes alleged the following additional facts under subdivision (d)(2) of section 1170: (1) He "committed the offense with at least one adult codefendant"; and (2) he had "performed acts that tend to indicate rehabilitation or

---

[1] Subsequent unspecified statutory references are to the Penal Code.

the potential for rehabilitation, including, but [not] limited to, availing [himself] of rehabilitation, educational or vocational programs, using self-study for self-improvement, and/or showing evidence of remorse."

On December 27, 2023, the court denied Reyes's petition without considering its merits. The court, citing *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), explained that the availability of a "youth offender parole hearing" under section 3051 had the effect of " 'overriding' or 'superseding' " any right Reyes had to relief under section 1170, subdivision (d).[2]

Reyes filed a timely notice of appeal.

## DISCUSSION

Section 1170, subdivision (d)(1)(A) permits "a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole" (LWOP) and who "has been incarcerated for at least 15 years" to petition the sentencing court to recall his sentence and be resentenced. As Reyes did here, the defendant must allege at least one additional fact from among a list of alternative allegations described in subdivision (d)(2) of section 1170.[3] "If the court

---

[2] Section 3051 established youth offender parole hearings for eligible juvenile offenders "to ensure they will have a meaningful opportunity for release no more than 25 years into their incarceration." (*Franklin*, *supra*, 63 Cal.4th at p. 277.)

[3] Under section 1170, subdivision (d)(2), the defendant must allege "that one of the following is true: [¶] (A) The defendant was convicted pursuant to felony murder or aiding and abetting murder provisions of law[;] [¶] (B) The defendant does

finds by a preponderance of the evidence that one or more of the [allegations made pursuant to subdivision (d)(2) of section 1170] is true, the court shall recall the sentence and commitment previously ordered and hold a hearing to resentence the defendant in the same manner as if the defendant had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170, subd. (d)(5).)

Section 1170, subdivision (d), applies by its terms to defendants who were "sentenced to [LWOP]." (§ 1170, subd. (d)(1).) The parties agree, however, as do we, that a sentence of 55 years to life for a 17-year-old is the functional equivalent of LWOP (see *People v. Contreras* (2018) 4 Cal.5th 349, 369), and depriving Reyes of the right to petition for relief under section 1170, subdivision (d), would deny him equal protection of the laws. (See *Heard*, *supra*, 83 Cal.App.5th at pp. 629, 633–634; *People v. Sorto* (2024) 104 Cal.App.5th 435, 454 (*Sorto*).) Moreover, the availability of youth offender parole hearings under section 3051 does not render a juvenile offender ineligible for relief under section 1170, subdivision (d). (*Heard*,

---

not have juvenile felony adjudications for assault or other felony crimes with a significant potential for personal harm to victims prior to the offense for which the sentence is being considered for recall[;] [¶] (C) The defendant committed the offense with at least one adult codefendant[; and] [¶] (D) The defendant has performed acts that tend to indicate rehabilitation or the potential for rehabilitation, including, but not limited to, availing themselves of rehabilitative, educational, or vocational programs, if those programs have been available at their classification level and facility, using self-study for self-improvement, or showing evidence of remorse."

*supra*, 83 Cal.App.5th at pp. 629, 633–634; *Sorto, supra*, 104 Cal.App.5th at p. 454.) The *Sorto* court addressed and rejected an argument that these conclusions are inconsistent with the Supreme Court's decision in *Franklin*. (*Sorto, supra*, at pp. 447–448.) There is no contrary authority. Accordingly, the court erred in denying his petition without considering its merits.[4]

---

[4] After the Attorney General filed his respondent's brief conceding the merits of Reyes's appeal, Reyes filed a motion for an order that the cause be submitted without oral argument. (Cal. Rules of Court, rule 8.886(a)(1).) The Attorney General agreed to waive oral argument and not to oppose the motion. We granted the motion.

## DISPOSITION

The court's order denying appellant's petition to recall his sentence under section 1170, subdivision (d) is reversed. The court shall conduct further proceedings consistent with this opinion.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.